UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

22-4080

UNITED STATES OF AMERICA,

v.

ANGELA GRIFFIN

**APPELLANT'S MEMORANDUM
BRIEF AND MOTION FOR
BAIL PENDING APPEAL**

Appellant Angela Griffin, pursuant to 18 USC §§ 3143(b) and 3145(c) and Fed. R. App. Proc. and Local Rule 9(b), submits this Memorandum Brief and Motion for Bail Pending Appeal requesting that she be allowed to remain on conditions of release pending her appeal. Mrs. Griffin is a 54-year-old first offender. Her pending appeal in Case No. 21-4707 contests the legality of her conviction and resulting 12-month prison sentence for one count of bank fraud, 18 U.S.C. §§ 1344 and 2.

**STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION**

Mrs. Griffin appeals the district court's Order denying her motion for release pending appeal. [United States v. Angela Griffin, Case No. 5:19-CR-00346-BO-3 (EDNC, Boyle, J.) at Docket Entry 447, attached hereto as Exhibit B.][1] The district court had jurisdiction to hear the motion pursuant to 18 U.S.C. § 3143(b). On

---

[1] The district court did not hold a hearing on Mrs. Griffin's motion, and therefore no transcript exists.

February 8, 2022, Mrs. Griffin appealed pursuant to Fed. R. App. Proc. 9, having previously noticed her timely appeal in Fourth Circuit Case No. 21-4707. [D.E. 421; 426.] [2]  This Court has jurisdiction to conduct an "independent review" of Mrs. Griffin's request for bail pending appeal pursuant 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. See United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (holding "[t]he standard of review for pretrial detention orders under 18 U.S.C. § 3145(c) is one of independent review, with 'deference to the determination of the district court) (quoting United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990))(other citation omitted).

## STATEMENT OF ISSUE PRESENTED

The district court erred in denying Mrs. Griffin's motion to remain on conditions of release pending appeal.  Mrs. Griffin easily satisfies the conditions for release under 18 U.S.C. § 3143(b).  There is no series contention that she is a flight risk or danger and her appeal is meritorious.  Furthermore, Mrs. Griffin's rheumatoid arthritis and other significant health issues are an "exceptional circumstance" such that her detention is not appropriate under 18 U.S.C. . § 3145(c).  [Exhibit A, Letter of Dr. McLendon re Angela Griffin.]

---

[2] For purposes of this filing, all record citations to Docket Entries in this case appear as "D.E. ___."

## STATEMENT OF THE CASE

On August 8, 2021, Mrs. Griffin pled guilty to Count Thirteen of the Second Superseding Indictment, Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344 and 2. [D.E. 307.]  Mrs. Griffin had been minimally involved with the fraud of her husband and co-defendant, Mr. Michael Griffin, as well as multiple other family members.   Mrs. Griffin's restitution amount was only $9631.13. Although this was her first criminal offense, Mrs. Griffin faced two-years active imprisonment, consecutive to any other term, under 18 U.S.C.  § 1028A (Count 40: Aggravated Identity Theft).

Mrs. Griffin discussed her plea agreement with counsel before signing it.  Her attorney explained the government was agreeing to dismiss the § 1028A charge (Count 40), thereby eliminating the mandatory two-year, consecutive active sentence.  [D.E. 445-1; Affidavit of Angela Griffin].  Mrs. Griffin's trial attorney said the plea was favorable because she would get probation.  [Id.]  No one advised her, at any time, including her lawyer or any judicial official, that an active sentence of imprisonment is statutorily required for bank fraud. [Id.]  On this advice, Mrs. Griffin signed the plea and pled guilty to Count Thirteen.  [D.E. 275.]

In exchange for her plea of guilty, the government agreed to dismiss Counts 15, 40 and 47 at sentencing.  [Id.]  The court advised Mrs. Griffin at arraignment

that her plea to bank fraud "carries a penalty of up to 30 years, a fine and supervised release." [D.E. 307.]

On October 22, 2021, the district court sentenced Mrs. Griffin. [D.E. 370.] Her advisory guideline range was 10 to 16 months. Defense counsel argued that a term of imprisonment was not necessary. [D.E. 448.] Mrs. Griffin's counsel emphasized that Mrs. Griffin was only peripherally involved with the fraud of her husband and others. [Id.] He stressed that Mrs. Griffin was a woman with no criminal record, who largely kept to herself, and was the caregiver for multiple generations of her family. [Id.]

The government responded that it rejected the notion that Mrs. Griffin was somehow "totally oblivious to all this criminal conduct going on around her." [D.E. 448.] However, the government conceded that "turning back to the facts of this case, at a minimum… she was involved in the Lowe's fraud with Mr. Griffin and Creshun Griffin" (her daughter and codefendant). [Id. at pg. 11.] The government then stated there were "three additional credit accounts that were opened and utilized in this defendant's name over three different stolen credit profile identities." [Id.] The government conceded that she did not have a substantial guideline range or criminal history but asked for a guideline sentence. [Id. at pg 12.]

The trial court then sentenced Mrs. Griffin to an active term of imprisonment of 12 months. [Id.] The trial court simply pronounced the term of imprisonment

and did not explain its sentence in any respect.  [Id. at pg. 12.]  The court directed Mrs. Griffin to self-surrender to the designated Bureau of Prisons facility by January 15, 2022, which it later extended to February 15, 2022.  [D.E. 447.]

Mrs. Griffin was extremely upset to learn for the first time at sentencing that because bank fraud was a Class B felony she was statutorily prohibited from a probationary sentence. See 18 U.S.C. § 3561(a)(1).  No one had previously advised her at any time, including her client trial counsel or a judicial official, that she was statutorily ineligible for probation and must therefore receive an active sentence. [D.E. 445-1.] Put otherwise, the probationary sentence Mrs. Griffin had envisioned on the advice of counsel was legally impossible.   Mrs. Griffin retained the undersigned and filed a notice of appeal in pending Fourth Circuit Case No. 21-4707.  [D.E. D.E. 421; 426.]

**DISCUSSION**

### I.    Standard of Review.

In United States v. Stewart, this Court held that "the standard of review for pretrial detention orders under 18 U.S.C. § 3145(c) is one of independent review, with deference to the determination of the district court.  19 F. App'x 46, 48 (4th Cir. 2001)(unpublished)(quoting United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990)) (other citation omitted). In United States v. Steinhorn, the Court conducted a de novo review, although it did not expressly describe its analysis in those terms.

927 F.2d 195 (4th Cir. 1991). Although there is no published case on point, Mrs.

Griffin submits that this Court conducts an "independent review" of Mrs. Griffin's

request for release, with some deference to the district court's ruling on the release

motion. See Stewart, 19 F. App'x 46 at 48.

## II.    Mrs. Griffin Satisfies The Requirements of Section 3145(c) for Release.

The release of a defendant pending appeal is governed by 18 U.S.C.

§§ 3143(b) and 3145(c). Accordingly, Mrs. Griffin must demonstrate that "she

meets the conditions of relief set forth in section 3143(b)(1) and "there are

exceptional reasons why [her] detention would not be appropriate." 18 U.S.C. §

3145(c). Under 18 U.S.C. § 3143(b), release should be granted when the Court

finds—

(A)    by clear and convincing evidence that the defendant does not pose a
flight risk or a danger
    to the community if released, and
(B)    that the appeal is not for the purpose of delay and raises a substantial
question of law or
    fact likely to result in-
    (i) reversal, [or]
    (ii) an order for a new trial[.]

There is no evidence that Mrs. Griffin is likely to flee or poses any danger to

the community. In September 2020, Mrs. Griffin was arrested and jailed for 6 days.

[D.E. 338.] On September 16, 2020, the government agreed that Mrs. Griffin was

not likely to flee or pose a danger and stipulated to conditions of release. [D.E. 187.]

Mrs. Griffin has now been on release, without incident, for 17 months.  Absolutely nothing about her circumstances have changed since the government agreed to her release in September 2020.  Indeed, in a recent order, the trial court extended Mrs. Griffin's date to report to BOP from January 15, 2022, to February 15, 2022.

Mrs. Griffin is primarily a caregiver for her family.  She cares for her 85-year-old mother in Hobgood, North Carolina.  Although Mrs. Griffin's mother lives independently, she relies heavily on Mrs. Griffin and often comes to stay in Knightdale with Mrs. Griffin when she is unwell.  In addition, Mrs. Griffin has three adult children with her husband (and co-defendant) Michael Griffin.[3]  Mrs. Griffin provides care and support for their eldest son who is recently out of an inpatient mental health care facility.  She is a constant caregiver for her grandson who is 12 years old.  The youngest son is only 22 and still resides at home.  While technically an adult, Antoine is unable to manage the household responsibilities without his mother.

Accordingly, there can be no serious contention that Mrs. Griffin poses a danger or flight risk.  Angela is a 54-year-old woman with no prior criminal record.  [D.E. 338.]  She is a high school graduate.  She has a strong work history, family and community ties.  [Id.]  Mrs. Griffin is unique among federal criminal defendants.

---

[3] On December 8, 2021, this Court sentenced Mike Griffin to 100 months in custody. [D.E. 434.]

Mrs. Griffin has shown by her course of conduct and the information presented herein that she is not a flight risk and poses no risk to the community.

## II.    Mrs. Griffin Has Substantial Issues for Appeal and Anticipates Success on Appeal

Mrs. Griffin has substantial issues for appeal. Mrs. Griffin is primarily concerned on appeal with the misinformation given her that her plea of guilty Bank Fraud/Aiding and Abetting under 18 U.S.C. §§ 1344 and 2 would result in a probationary sentence. In fact, the probationary sentence Mrs. Griffin anticipated was legally impossible under 18 U.S.C. § 3561(a)(1), which prohibits probationary sentences for Class A or B felonies. 18 U.S.C. § 3561(a)(1). Because Bank Fraud, 18 U.S.C. § 1344, does not specifically classify the offense with a letter, it is classified as a Class B felony under 18 U.S.C. § 3559(a)(2) because the maximum term of imprisonment is 25 years or more. See 18 U.S.C. §§ 1344 (maximum term of imprisonment is not more than 30 years) and 18 U.S.C. § 3559(a)(2).

This case presents multiple substantial issues for appeal. First, Mrs. Griffin was never advised that her anticipated sentence of probation was legally impossible under 18 U.S.C. § 3561(a)(1) and therefore the Rule 11 hearing was defective.[4] This appears to be an issue of first impression in this Circuit. Second, Mrs. Griffin asserts

---

[4] The Eight Circuit addressed this question in 2017, and determined that ineligibility for probation is not a mandatory minimum requiring advisement under Rule 11. *United States v. Ladue*, 866 F.3d 978, 981 (8th Cir. 2017). However, Mrs. Griffin maintains that this non-precedential opinion is wrong.

that her trial counsel was ineffective for failing to advise her that the contemplated probationary sentence was legally impossible. Finally, the district court failed to explain the sentence imposed in any respect, rendering it procedurally unreasonable.

A.    The Rule 11 Hearing Was Defective Because Mrs. Griffin Was Not Properly Advised.

When a defendant does not move a district court to withdraw his guilty plea, this Court will review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir.2002). To establish plain error, the defendant must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S.Ct. 1121, 1126, 185 L.Ed.2d 85 (2013). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir.2009).

Mrs. Griffin will establish that her Rule 11 hearing was constitutionally defective because she was not properly advised that she was ineligible for probation. The Constitution "insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." United States v. Ruiz, 536 U.S. 622, 628 (2002)(internal citations omitted).

Ultimately, ineligibility for probation is akin to a mandatory minimum penalty, and therefore a defendant must be so advised under Rule 11. Fed. R. Crim. Proc. 11(b)(I). The penalty for bank fraud is "not more than 30 years imprisonment." 18 U.S.C. § 1344. Section 3561(a)(1) which prohibits probationary sentences for this felony, and therefore operates as a mandatory minimum punishment. Put otherwise, if *any* sentence is imposed, 18 U.S.C. § 3561(a)(1) mandates that it be *some* sentence of imprisonment. See 18 U.S.C. § 3561(a)(1).

Indeed, in United States v. Daiagi, 892 F.2d 31 (4th Cir. 1989) this Court ruled that section 3561(a)(1)'s prohibition against probation was a "mandatory minimum sentence" such that section 3553(e) granted district judges the discretion to impose probation even when 3561(a)(1) prohibited it. This Court stated "there is no logical distinction between the two situations, *i.e.,* between the mandatory minimum sentence and the prohibition against probation." Id. Likewise, there is no logical distinction between 11(b)(I) requirement to advise a defendant as to all mandatory minimums, and the prohibition against probation in this case. Mrs. Griffin submits that her Rule 11 was constitutionally defective, and raises a substantial, meritorious issue in this respect.

B.    Mrs. Griffin's Trial Counsel Was Ineffective.

Mrs. Griffin also asserts that her trial counsel was ineffective in failing to advise her that the contemplated plea was legally impossible. A defendant can raise

an ineffective claim on direct appeal, when there is information that counsel advised the defendant that a plea agreement would result in a sentence that is legally impossible.  See United States v. Colon-Torres, 382 F.3d 76, 85 (1st Cir. 2004).  In an analogous context, this Court has held that the failure to advise a defendant that he is ineligible for parole as a direct consequence of his plea is constitutionally ineffective.  See  Bell v. North Carolina, 576 F.2d 564 (4th Cir.1978); Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364 (4th Cir.1973); Paige v. United States, 443 F.2d 781 (4th Cir.1971).

Here, the district court record reflects that Mrs. Griffin was advised by her trial counsel that she would receive a sentence of probation if she signed the plea agreement.  [D.E. 145-1; Affidavit of Angela Griffin.]  This is corroborated by the sentencing transcript, where her counsel argued for no sentence of imprisonment. [D.E. 448.]  Mrs. Griffin raised this issue in her district court filings and requested a hearing to further develop the record.  [D.E. 145.]  The district court erred when it did not grant a hearing to further develop the record and when it found that this issue did not create a substantial issue for appeal.

C.    Exceptional Reasons for Release Clearly Exist

The trial court did not address the exceptional reasons prong of Section 3145( c ). Two exceptional reasons exist for granting Mrs. Griffin release pending appeal bond: her medical issues and the prevailing COVID-19 pandemic. Mrs. Griffin's

11

rheumatoid arthritis and other significant health issues are an "exceptional circumstance" such that her detention is not appropriate under 18 U.S.C. . § 3145(c). [Exhibit A, Letter of Dr. McLendon re Angela Griffin.]

Such health-related issues are an appropriate ground for finding exceptional reasons. See United States v Leila Hector, No. 20-4183 (4th Cir. March 2020)(remanding bail on appeal for limited determination of impact of COVID-19 pandemic on appellant's extraordinary health circumstances). In United States v. Garcia, 340 F.3d 1013, 1019-20 (9th Cir. 2003), the Ninth Circuit explained:

> A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison. District judges may consider such factors as the desirability of maintaining an uninterrupted course of treatment while a defendant remains in the care of a particular physician who is providing individual medical supervision to the patient. Although a defendant may ultimately be forced to serve a prison sentence regardless of his health, it may be unreasonable to force him to begin his sentence prior to the resolution of his appeal. Nor do we foreclose the possibility of finding exceptional circumstances in a case in which incarceration would impose exceptional risks on a defendant involving his physical or mental well-being-risks that might arise as a result of the nature of his crime or even as a result of his possessing certain physical, psychological, or other characteristics.

These exceptional reasons are present here. Mrs. Griffin has several medical issues as documented in the materials she submitted to the district court in support of her motion for release pending appeal, as argued by her trial counsel at sentencing,

and as reflected in her PSR. [D.E. 445, D.E. 448, and D.E. 338.]  As reflected in her PSR, records confirm that Angela struggles with osteoarthritis and degenerative joint disease.  [D.E. 338 at para. 81.]  She is treated for acute pain.  She has had one knee replaced.  According to the PSR, Mrs. Griffin's treating physicians advise that additional joint replacements (knee and hip) are medically necessary.

On February 4, 2022, Mrs. Griffin's primary care physician, Dr. McLendon, authored a letter to clarify the current status of Mrs. Griffin's health.  Dr. McLendon expresses significant concern for Mrs. Griffin's health and safety should be required to report to BOP before her rheumatoid arthritis can be addressed.  Mrs. Griffin's rheumatoid arthritis is serious, it is progressing rapidly, and it is degenerative.  ]Ex. A; McLendon Letter.] According to the CDC, rheumatoid arthritis is an autoimmune and inflammatory disease.  CDC "Rheumatoid Arthritis": available at: https://www.cdc.gov/arthritis/basics/rheumatoid-arthritis.html (last accessed February 10, 2022 at 4:15 p.m.).  According to her physician, Mrs. Griffin's mobility and overall health are in a perilous condition, and incarceration pending appeal is simply not reasonable under these circumstances.  Mrs. Griffin needs time to address her worsening health, and specifically to continue care for her degenerative rheumatoid arthritis.

Finally, the COVID-19 pandemic prevails.  Mrs. Griffin is demographically at high risk for adverse outcomes should she contract the virus.  The struggles and

inadequacies in BOP regarding protecting the incarcerated population in this pandemic are well-known to his Court, and for sake of brevity will not be listed here. Mrs. Griffin's medical health history, including her rheumatoid arthritis, high blood pressure, and obesity, also may place her at a higher risk of adverse outcomes if infected in jail. In light of all of these extraordinary circumstances, it is not reasonable to put Mrs. Griffin in custody pending the outcome of this appeal.

## CONCLUSION

In conclusion, Mrs. Angela Griffin submits that release is appropriate under 18 USC § 3143(b) and 3145(c). She respectfully submits that her appeal is meritorious, and she has a strong likelihood of success on several issues. Furthermore, if she is incarcerated at this time, her 12-month term will likely run before this Court can reach the merits of her appeal. If she is successful on appeal, she will serve 12-months in prison, at great peril to her health and safety, for nothing.

Respectfully submitted this 10th day of February 2022.

**THE SALMON LAW FIRM, LLP**

/s/ Elisa Salmon
Elisa Cyre Salmon
N.C. State Bar No. 35242
Post Office Box 185
Lillington, North Carolina 27546
T: (910)984-1012
F: (910) 893-4608

*Retained Counsel for Defendant*

14

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with type-volume limits because, excluding the parts of
the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure
statement, table of contents, table of citations, statement regarding oral
argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*3,213*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*]
lines of text.

2.    This brief document complies with the typeface and type style requirements
because:

[ X ] this brief has been prepared in a proportionally spaced typeface using
[*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state
name and version of word processing program*] with [*state number of
characters per inch and name of type style*].

Dated: February 10, 2022                          /s/ Elise C. Salmon
                                                   *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of February, 2022, I caused this Memorandum Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

David A. Bragdon
Kristine L. Fritz
OFFICE OF THE U.S. ATTORNEY
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
(919) 856-4530

*Counsel for Appellee*

/s/ Elise C. Salmon
*Counsel for Appellant*