UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CR-0346-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANGELA GRIFFIN | **EXPEDITED MOTION FOR RELEASE ON CONDITIONS PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW** |

NOW COMES Defendant Angela Griffin, pursuant to 18 USC § 3143(b), and moves this Court to allow her to remain on conditions of release pending her appeal. Angela satisfies the statutory criteria for release under § 3143(b). First, she has been on release for 15.5 months without incident and there is no serious contention she is a flight risk or danger. Second, Angela's appeal is not for purposes of delay. Instead, she will raise substantial issues of law and fact regarding her active sentence. Angela anticipates successfully establishing her trial counsel's advice was deficient. She was told she would receive probation. Improperly, she was not advised that her expected sentence was impossible and 18 U.S.C. § 3561(a)(1) required an active prison sentence. The government opposes this motion. Angela requests a hearing.

**FACTUAL BACKGROUND**

On August 8, 2021, Angela pled guilty to Count Thirteen of the Second Superseding Indictment, Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344 and 2. [D.E. 307.] She signed a written plea agreement. [D.E. 275.] In exchange for her plea of guilty, the government agreed to dismiss Counts 15, 40 and 47 at sentencing. [Id.] Count 40 (Aggravated Identity Theft) carried a consecutive two years active imprisonment under 18 U.S.C. § 1028A. The court advised Angela at arraignment that her plea to bank fraud "carries a penalty of up to 30 years, a fine and supervised release." [D.E. 307 at p. 5, ln. 1-7.]

Angela discussed her plea agreement with counsel before signing it. Her attorney explained the government was agreeing to dismiss the § 1028A charge (Count 40), thereby eliminating the mandatory two year active sentence. [Ex. A, Aff. of Angela Griffin]. Angela's attorney said the plea was favorable because she would get probation. [Id.] No one advised her, at any time, including her lawyer or any judicial official, that she had to serve an active sentence of imprisonment for bank fraud.[1] [Id.] On this advice, Angela signed the plea and pled guilty to Count Thirteen.

Angela was sentenced October 22, 2021. [D.E. 370.] Upon information and belief, her counsel requested a probationary sentence. The government argued Angela was ineligible for probation under 18 U.S.C. § 3561(a)(1) and requested an active sentence. The Court sentenced Angela to an active term of imprisonment of 12 months. [Id.] The Court directed Angela to self-surrender to the designated Bureau of Prisons facility by January 15, 2022.

Angela was extremely upset to learn for the first time at sentencing that because bank fraud was a Class B felony she was statutorily prohibited from a probationary sentence. See 18 U.S.C. § 3561(a)(1). No one had previously advised her at any time, including her lawyer or a judicial official, that she was statutorily ineligible for probation and must therefore receive an active sentence. [Ex. A, Aff. of Angela Griffin.] Put otherwise, the probationary sentence Ms. Griffin had envisioned on the advice of counsel was legally impossible. Angela retained the undersigned and filed a notice of appeal to the Fourth Circuit.

**DISCUSSION**

---

[1] Interestingly, on November 4, 2021, Ms. Regina Griffin, a co-defendant in the Second Superseding Indictment, filed a motion under 28 U.S.C. § 2255 in which she states "the *only* reason I accepted a plea is because my counsel told me that the prosecutor confirmed that Judge Boyle *would not* give me jail time on the proposition that this was my first criminal offense ever in my life." [D.E. 412 p. 6. (emphasis in original).]

2

The release of a defendant following sentencing is governed by 18 U.S.C. § 3143(b). Under this subsection, where a convicted defendant has been sentenced to a term of imprisonment and has appealed, the Court may release the defendant in the presence of two conditions. First, the court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community if released. 18 U.S.C. § 3143(b)(1)(A). Second, the Court must find that the appeal is not for purposes of delay and raises substantial questions of law or fact likely to result in a different outcome. *Id*.

### I. Angela Griffin is Not Likely to Flee and Is Not a Danger.

There is no evidence that Angela is likely to flee or poses any danger to the community. In September 2020, Angela was arrested and jailed for 6 days. [D.E. 338.] On September 16, 2020, the government agreed that Angela was not likely to flee or pose a danger, and stipulated to conditions of release. [D.E. 187.] Angela has now been on release, without incident, for 15 months and 19 days. Absolutely nothing about her circumstances have changed since the government agreed to release.

There can be no serious contention that Angela poses a danger or flight risk. Angela is a 54 year old woman with no prior criminal record. [D.E. 338.] She is a high school graduate. She has a strong work history, family and community ties. [Id.] Angela is unique among federal criminal defendants.

Angela is primarily a caregiver for her family. She cares for her 85 year old mother in Hobgood. Although Angela's mother lives independently, she relies heavily on Angela and often comes to stay in Knightdale when she is unwell. Angela has three adult children with her husband (and co-defendant) Mike Griffin.[2] Angela provides care and support for their eldest son who is recently out of drug rehabilitation. She is the primary caregiver, *in loco parentis*, for her 12 year old grandson. The youngest son, Antoine, is only 18 and still resides at home. While technically an "adult," Antoine is unable to manage the household responsibilities and care for his 12 year old nephew without his parents.

---

[2] On December 8, 2021, this Court sentenced Mike Griffin to 100 months in custody. [D.E. 434.] He is directed to report on January 15, 2022, the same day as Angela. [D.E. 435.]

3

Finally, Angela has significant health concerns which further mitigate her risk. As reflected in her PSR, records confirm that Angela struggles with osteoarthritis and degenerative joint disease. [D.E. 338 at para. 81.] She is treated for acute pain. She has had one knee replaced. Angela's treating physicians advise that additional joint replacements (knee and hip) are medically necessary.

## II.     Angela Has Substantial Issues for Appeal and Anticipates Success on Appeal

Angela has substantial issues for appeal. Angela is primarily concerned on appeal with her lawyer's deficient advice that the plea agreement would result in a probationary sentence. However, at sentencing Angela learned that the probationary sentence she anticipated was legally impossible under 18 U.S.C. § 3561(a)(1). A defendant can raise an ineffective claim on direct appeal, when there is information that counsel advised the defendant that a plea agreement would result in a sentence that is legally impossible. *See United States v. Colon-Torres*, 382 F.3d 76, 85 (1st Cir. 2004). In an analogous context, the failure to advise a defendant that he is ineligible for parole as a direct consequence of his plea is constitutionally ineffective. *See Bell v. North Carolina*, 576 F.2d 564 (4th Cir.1978); *Cuthrell v. Director*, Patuxent Inst., 475 F.2d 1364 (4th Cir.1973); *Paige v. United States*, 443 F.2d 781 (4th Cir.1971). Appellate counsel is in the process of further researching this issue for appeals briefing. Angela has submitted a sworn affidavit on this question [Exhibit A], and requests a hearing on this motion to further develop the factual record on this issue.

In addition, Angela submits that there are several substantial issues for appeal related to the application of 18 U.S.C. § 3561(a)(1). First, section 3561 was enacted as part of the Sentencing Reform Act of 1984. *See United States v. Daiagi*, 892 F.2d 31, 32 (4th Cir. 1989). Section 3561(a)(1) is a four-decades old, pre-*Booker* anachronism, which at the time of its enactment was intended by Congress to curtail judicial discretion under its now defunct mandatory sentencing guidelines scheme. On appeal, this defendant will argue that § 3561(a)(1) does not survive *Booker* and its progeny.

Second, there are substantial issues regarding § 3561(a)(1) and the Rule 11 hearing in this case. For example, if § 3561(a)(1) is good law, then this case raises the issue of whether the Court erred by failing to advise Angela at arraignment that § 3561(a)(1) mandates a sentence of active imprisonment, because 18 U.S.C. § 1344 (bank fraud/aiding and abetting) is a Class B felony. Based upon initial research, this appears to be an issue of first impression in the Fourth Circuit, and requires close appellate scrutiny. *But see United States v. Ladue*, 866 F.3d 978, 981 (8th Cir. 2017)(ineligibility for probation is not a mandatory minimum requiring advisement under Rule 11).

## CONCLUSION

In conclusion, Angela Griffin submits that release is appropriate under 18 USC § 3143(b). Angela poses no risk or danger. The failure to advise her that she was ineligible for probation as a direct consequence of her appeal was constitutionally defective and violates Rule 11. In this way and others, her appeal raises substantial issues warranting close appellate scrutiny and is not for purposes of delay. Angela is the unique defendant for whom release on bond pending appeal should be granted. Angela requests that the Court hold a hearing and expedite ruling on this motion in advance of her January 15, 2022 reporting date.

Respectfully submitted this 5th day of January 2022.

**THE SALMON LAW FIRM, LLP**

*Elisa Cyre Salmon*
Elisa Cyre Salmon
N.C. State Bar No. 35242
Post Office Box 185
Lillington, North Carolina 27546
T: (910)984-1012
F: (910) 893-4608
*Retained Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I served, on this day the following CM/ECF user via electronic mail, to the registered email address on file for the following:

Mr. Will Gilmore
USAO, Eastern District of North Carolina

Respectfully submitted this 5th day of January 2022.

                                        THE SALMON LAW FIRM, LLP

                                        *Elisa Cyre Salmon*
                                        Elisa Cyre Salmon
                                        N.C. State Bar No. 35242

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CR-0346-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANGELA GRIFFIN | **AFFIDAVIT OF ANGELA GRIFFIN** |

NOW COMES Angela Griffin, being first duly sworn, and deposes and says as follows:

1. I am over 18, and am competent to make this affidavit, which is based on my own personal knowledge.

2. I am Angela Griffin, the Defendant/Appellant in this case. I was previously represented by Mr. Jim Melo in this case.

3. In discussing accepting the government's plea offer and pleading guilty versus going to trial with my lawyer, my lawyer advised me that the most likely result in my case was that I would receive a probationary sentence. Specifically, if I accepted the plea agreement, in exchange for my guilty plea to the bank fraud count, the government would drop the aggravated identity theft charge which carried a mandatory two years in prison.

4. No one advised me, at any time, including Mr. Melo or any judicial official that I had to serve an active sentence of imprisonment for the bank fraud if I was convicted.

5. No one advised me, at any time, including Mr. Melo or any judicial official that bank fraud was a Class B felony, and therefore I was ineligible for probation.

6.  The first time I heard that I was ineligible for probation was at my sentencing for bank fraud. I was shocked. I entered into my plea agreement and pled guilty to bank fraud believing my lawyer's advice that the most likely outcome would be probation.

This, the  3  day of January 2022.

*Angela Griffin* (signature)
Angela Griffin

Sworn to and subscribed before me
This the  3  day of January 2022.

*William C. Darden III* (signature)
Notary Public for the State of North Carolina
Printed Name: William C. Darden III
My Commission Expires: 6/14/2023

[Notary Seal: WILLIAM C DARDEN, NOTARY PUBLIC, WAKE COUNTY, NC]

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CR-0346-BO-3

UNITED STATES OF AMERICA,

v.

ANGELA GRIFFIN

**ORDER GRANTING RELEASE ON CONDITIONS PENDING APPEAL**

Before the Court is the Motion for Release on Conditions, filed by the above defendant. The government opposes the motion. Based upon the reasons set forth in Defendant's filings, this Court finds that Defendant satisfies the statutory criteria for release under § 3143(b).

It is therefore ORDERED that Defendant Angela Griffin may remain on release pending appeal, under the same conditions set forth in the Order Setting Conditions of Release at Docket Entry 187.

SO ORDERED this _____ day of _____, 2022.

_____
HON. TERRENCE W. BOYLE
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:19-CR-346-BO-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | RESONSE IN OPPOSITION TO |
| | ) | MOTION FOR RELEASE PENING |
| ANGELA GRIFFIN | ) | APPEAL [D.E. 445] |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, responds in opposition to the defendant's Motion for Release Pending Appeal, and states the following:

1. On October 22, 2021, after sentencing the defendant to 30 months in prison, this Court generously allowed the defendant the opportunity to self-report to settle her affairs. She was later directed to surrender to BOP by January15, 2022.

2. After being sentenced, the defendant reversed course and claimed that she only pled guilty because she believed she would not go to prison. She makes the bald accusation that her attorney "confirmed" that she would not get a prison sentence.

3. Of course, these claims fly in the face of both her written agreement, and her sworn testimony before this Court. At her initial appearance, in her written plea agreement, and at the Rule 11 hearing, she was expressly informed that

she could be sentenced to prison. Defendant cannot now claim that she was surprised by the fact that she received a prison sentence. Moreover, at the sentencing hearing, the defendant admitted to the charges, which were spelled out in detail in the plea agreement. The Government proffered the facts of the defendant's case, with no objection from the defendant.

4. Defendant is also unable to claim that she was barred from receiving a non-custodial sentence, or that the Court was prevented from doing so. As this Court will recall from the sentencings of numerous defendants in this case, this Court had ample opportunity to sentence the defendant to a noncustodial sentence if had wanted to, even on a charge of Bank Fraud. Indeed, for at least two other codefendants, who were arrested and pled guilty to Bank Fraud, like the defendant, this Court ordered that those defendants receive a sentence of Time Served, followed by a period of supervised release. In sum, if this Court had wanted to sentence the defendant to a noncustodial sentence, it could have done so. Even if this Court were to believe the defendant's claimed "guarantee" of probation by her attorney – it shouldn't -- she cannot demonstrate any appellate court that she was prejudiced on these facts.

5. Section 3143(b)(1) provides that this court "<u>shall order</u> that a person who has been found guilty of an offense and sentenced to a term of imprisonment … <u>be detained</u>" unless the court finds that the appeal is not for the purposes of delay <u>and</u> raises a substantial question of law or fact <u>likely to result in a reversal</u>." (emphasis added). On the facts described above, the defendant can make no

2

such showing. The defendant must also prove by clear and convincing evidence that she will not likely flee or pose a danger to the safety of the community. The defendant not only participated with Michael Griffin in a long running economic crime resulting in substantial losses to numerous victims, but also assisted Griffin to run his sweepstakes business, and participated with Griffin in is breaches of his conditions of release by traveling to casinos. These facts, in tandem with the defendant's apparent admission that she lied when she pled guilty before this court, render her unworthy of the Court's trust, to abide by any further conditions of release designed to mitigate any risk of flight or danger which she poses.

6. Wherefore, the Government respectfully requests that this Court deny the defendant's motion without further hearing.

Respectfully submitted, this the 5th day of January, 2022.

                    MICHAEL F. EASLEY, JR.
                    United States Attorney

BY:   /s/ William M. Gilmore
       WILLIAM M. GILMORE
       Assistant United States Attorney
       Criminal Division
       150 Fayetteville Street, Suite 2100
       Raleigh, NC 27601
       Telephone (919) 856-4338
       Email: william.gilmore@usdoj.gov
       N.C. State Bar No. 47037

CERTIFICATE OF SERVICE

This is to certify that I have this 5th day of January, 2022, served a copy of the foregoing upon the defendant by CM/ECF as follows:

Elisa Cyre Salmon
N.C. State Bar No. 35242
Post Office Box 185
Lillington, North Carolina 27546

                                BY:   /s/ William M. Gilmore
                                          WILLIAM M. GILMORE
                                          Assistant United States Attorney
                                          Criminal Division
                                          150 Fayetteville Street, Suite 2100
                                          Raleigh, NC 27601
                                          Telephone (919) 856-4338
                                          Email: william.gilmore@usdoj.gov
                                          N.C. State Bar No. 47037

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-346-3BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANGELA GRIFFIN | ) | |

This cause is before the Court on defendant's corrected expedited motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). The government has responded in opposition and the matter is ripe for ruling. For the reasons that follow, defendant's motion for release pending appeal is DENIED but her self-report date to the Bureau of Prisons is EXTENDED to February 15, 2022.

## BACKGROUND

On October 22, 2021, defendant Griffin was sentenced to twelve months' imprisonment following her plea of guilty to one count of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. [DE 380]. Griffin, who was not detained at the time of her sentencing hearing, was ordered to report to the Bureau of Prisons not later than January 15, 2022. [DE 381].

Griffin noticed her direct appeal on November 10, 2021. [DE 421]. The Court granted her request for an extension of time to file her notice of appeal on November 16, 2021. [DE 426]. The instant motion followed. [DE 445]. In her motion, Griffin has requested a hearing on this matter. That request is denied.

## DISCUSSION

Whether a defendant may be released pending appeal is governed by 18 U.S.C. § 3143(b). First, there is a presumption that the defendant will be detained pending appeal. *Id.* The

presumption may be overcome where a defendant can show (1) by clear and convincing evidence that she is not likely to flee or pose a danger to any other person of the community, (2) that the appeal is not for the purposes of delay and (3) that it raises a substantial question of law or fact likely to result in reversal or a new trial. *Id.* § 3143(b)(1)(A)-(B); *United States v. Geddings*, 497 F. Supp. 2d 729, 731 (E.D.N.C. 2007).

The Court determines that Griffin has not overcome the presumption that she be detained pending her appeal. Specifically, Griffin's motion fails on the third prong of the analysis as she has failed to demonstrate that her appeal raises a substantial question of law or fact likely to result in a different outcome. Griffin first contends that her attorney who represented her at the plea and sentencing stages advised her that she would receive a probationary sentence, but that at sentencing she learned that under 18 U.S.C. § 3561(a)(1) a probationary sentence was prohibited. Ineffective assistance of counsel claims are typically considered on collateral review, not direct appeal, unless the "ineffectiveness conclusively appears from the record." *United States v. Ojedokun*, 16 F.4th 1091, 1115 (4th Cir. 2021) (internal quotation and citation omitted). Griffin entered into a plea agreement with the government, which plainly states that any sentencing estimate received from any source is not a promise, and Griffin was further advised of the possible penalties at her Fed. R. Crim. P. 11 proceeding. *See, e.g.,* [DE 261]. The Court is not persuaded that this is a "'close' question or one that could very well be decided the other way," and thus Griffin has not presented a substantial question for purposes of § 3143(b). *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam).

Griffin's remaining arguments are also unavailing. First, as she recognizes, the ineligibility for probation under 18 U.S.C. § 3561(a)(1) has been held by at least one circuit *not* to be a mandatory minimum sentence of which a defendant must be advised during her Rule 11

proceeding. *United States v. Ladue*, 866 F.3d 978, 981 (8th Cir. 2017). Though perhaps one of first impression for the Fourth Circuit, this does not appear to present a close question. Finally, Griffin intends to argue that § 3561(a)(1) does not survive *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, but has failed again to demonstrate here that her argument presents a close question or one which may likely be decided the other way.

Although Griffin has failed to overcome the presumption that she be detained pending appeal, the Court will permit her additional time to report to such facility as she is designated by the Bureau of Prisons so that she may adequately prepare. Griffin's self-report date is hereby extended to February 15, 2022.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion [DE 445] is DENIED.[1] Defendant's self-report date to the Bureau of Prisons is EXTENDED to February 15, 2022.

SO ORDERED, this __7__ day of January 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The clerk may terminate as pending defendant's motion at [DE 444] as defendant filed a correction motion at [DE 445].

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CR-346-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NOTICE OF APPEAL FROM ORDER DENYING BAIL PENDING APPEAL |
| ANGELA GRIFFIN | |

Pursuant to Rule 4 and 9(b) of the Federal Rules of Appellate Procedure, the above defendant hereby gives notice of his appeal to the United States Court of Appeals for the Fourth Circuit from the district court's order denying release pending appeal. [D.E. 447.]

Ms. Griffin filed a notice of appeal from the judgment of conviction on November 10, 2021. [D.E. 421.] On January 4, 2022, Ms. Griffin filed a motion for bail pending appeal in the district court. [D.E. 445.] The Court denied Ms. Griffin's motion on January 7, 2022. [D.E. 447.]

Pursuant to Fed. R. App. Proc. 9(b) and the Local Rules for the Fourth Circuit 9(b), a party may file a motion for release pending appeal in the Court of Appeals without docketing an additional appeal when the party has previously appealed from the underlying judgment of conviction. Therefore, although Ms. Griffin has already appealed the judgment of conviction in Fourth Circuit Case Number 21-4641, she respectfully requests that this appeal from order denying bail pending appeal be assigned an additional number such that the Fourth Circuit may issue a Memorandum Briefing Order and the issue of Ms. Griffin's release may proceed on an expedited basis.

Respectfully submitted this 8th day of February 2021.

                                  **THE SALMON LAW FIRM, LLP**

                                  Elisa Cyre Salmon
                                  N.C. State Bar No. 35242
                                  Post Office Box 185
                                  Lillington, North Carolina 27546
                                  T: (910)984-1012
                                  F: (910) 893-4608
                                  *CJA Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing notice of appeal was filed via CM/ECF, which will deliver notice to the following:

Mr. Will Gilmore
Office of the United States Attorney
Eastern District of North Carolina

Respectfully submitted this 8th day of February 2021.

                                  Elisa Cyre Salmon
                                  N.C. State Bar No. 35242
                                  Post Office Box 185
                                  Lillington, North Carolina 27546
                                  T: (910)984-1012
                                  F: (910) 893-4608

2



4822 Six Forks Road, Raleigh, NC 27609

Tel: 919-803-4188
Fax: 919-803-4117

Friday, February 4, 2022

To Whom It May Concern:

RE: Angela Griffin

Subject: Current Health Status

My name is Dr. Arnold McLendon and I am the primary care provider for Mrs. Angela Griffin. I am writing this letter to inform you of Mrs. Griffin's multiple health conditions. Mrs. Griffin has a medical history of high blood pressure, anxiety, obesity, pre-diabetes, dysthymia, PVC's, ventral hernia, bilateral plantar fasciitis, degenerative joint disease of knee, right hip arthritis, right knee arthritis, iron deficiency anemia, thyroid nodule, and rheumatoid arthritis.

I am very concerned at this present time with her worsening rheumatoid arthritis. To provide some background information, in 2017 Ms. Griffin underwent a right total right knee replacement. She recently started having issues with her right hip and was told by a Duke Orthopedic provider that she has trochanteric bursitis of right hip. At that time the provider recommended NSAID therapy along with physical therapy and cortisone injections. In addition, she started back experiencing severe right knee pain and her orthopedic provider obtained some x-rays. At that time, she wished to avoid orthopedic surgery so the provider decided to treat her with meloxicam, and if that did not work then they would consider surgical intervention as the next viable option with this recurrent right knee instability. The orthopedic provider mostly recently performed a rheumatoid arthritis panel, and it is of note that her inflammatory markers i.e ANA, CRP, and sed rate are all elevated indicating her rheumatoid arthritis is not controlled. With her worsening right knee instability, right hip pain, and uncontrolled rheumatoid arthritis, it is my opinion that she be referred to a rheumatoid specialist to ascertain a baseline status of her rheumatoid arthritis. Rheumatoid arthritis is a debilitating disease and if not treated properly can cause severe pain and deterioration of joints leading to significant impairment in quality of life. It is my recommendation for her to see a rheumatoid specialist as soon as possible. She has also been referred to see a physical therapists ASAP.

Ms. Griffin has informed me of having to report to federal prison. As her primary care provider, I am advising her to see the rheumatoid specialist, orthopedic specialist and have sessions with a therapist for her health and safety prior to reporting. If surgery is recommended once seeing the specialists, it may take months to recover. At that time, we will re-evaluate her progress.

Warm Regards,

*Arnold McLendon*

Dr. Arnold McLendon, DNP, MHA, FNP-BC

**Live Well Primary Care**
4822 Six Forks Rd, Suite 104
Raleigh, NC 27609
tel: 919-803-4188
fax: 919-803-4117